# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 03-3113**                       **September Term, 2005**

**02cr00204-01**

Filed On: June 23, 2006 [976418]

United States of America,
                    Appellee

        v.

Terence Coles,

                    Appellant

---

Appeal from the United States District Court
for the District of Columbia

---

Before:  SENTELLE and GARLAND, *Circuit Judges*, and Edwards, *Senior Circuit Judge*

### *J U D G M E N T*

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed by counsel.  It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court is hereby affirmed.

On April 8, 2005, "while retaining jurisdiction over the case, we remand[ed] the record to the District Court for the limited purpose of allowing it to determine whether it would have imposed a different sentence, materially more favorable to the defendant, had it been fully aware of the post-*Booker* [*United States v. Booker*, 543 U.S. 220 (2005)] sentencing regime." *United States v. Coles*, 403 F.3d 764, 771 (D.C. Cir. 2005) (per curiam).

When this case was first before this court, "Coles contend[ed] that his sentence should be vacated in light of *Booker*.  Specifically, he argue[d] that his Sixth Amendment rights were violated, because his sentence was enhanced by the trial court based on facts neither admitted by him nor proved to a jury beyond a reasonable doubt.  Although Coles objected to the District Court's findings of fact at sentencing, he raised no arguments in the District Court questioning either the constitutionality of the Guidelines or their mandatory application.  Accordingly, we [could] review Coles' *Booker* claim only for plain error.  FED. R. CRIM. P. 52(b)." *Id*. at 767.  Under the plain-error standard of Rule 52(b), "there must be (1)

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 03-3113**                    **September Term, 2005**
**02cr00204-01**

error, (2) that is plain, and (3) that affect[s] substantial rights. . . . If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citations and internal quotation marks omitted).

The Government did not dispute that Coles had satisfied the first two elements of the plain error test. *Id.* "We [were] also convinced that, if the District Court's error was prejudicial, the error would seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). "Thus, the only question remaining [was] whether the District Court's error affected Coles' substantial rights in a material way." *Id.* We concluded that, "[i]n assessing whether a district court committed prejudicial error under *Booker*, an appellate court must determine what the sentencing court would have done had it not committed the error." *Id.* at 768. We therefore remanded the record to the District Court.

On remand, the District Court found that,

> While *Booker* permits the Court to exercise its discretion and vary from the now non-mandatory Guidelines in appropriate cases, this is a case in which the Court believes that the Guideline range of 33 to 41 months sets forth appropriate parameters for this defendant on these facts for the two federal bribery convictions. There is nothing in Mr. Coles' background or with respect to the facts of this case that would persuade the Court to vary from this Guideline range pursuant to 18 U.S.C. § 3553(a).

*United States v. Coles*, No. 02-0204, 2006 WL 1371685, at *1 (D.D.C. May 15, 2006). The District Court thus concluded:

> Had the Guidelines been advisory at the time of the defendant's sentencing, on a careful evaluation of the factors set forth in 18 U.S.C. § 3553(a), the Court would not have imposed a lesser sentence and might possibly have exercised its discretion to impose a more severe sentence. The fact that the Court made a considered judgment pre-*Booker* to go above the Guidelines' range minimum implicitly makes that clear.

*Id.* Having reviewed the record and considered the District Court's determination that it "would not have imposed a different sentence in this case had it been aware of the post-*Booker* sentencing regime," *id.* at *2, we can find no plain error in appellant's sentence. We therefore affirm the judgment of the District Court.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

**No. 03-3113**                               **September Term, 2005**

**02cr00204-01**


Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.


*Per Curiam*
For the Court:


Mark J. Langer, Clerk